UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IKE NJOKU, | CASE NO. C17-0282JLR |
| Plaintiff, | ORDER DISMISSING COMPLAINT |
| v. | |
| EVERGREEN SALES AND LEASE, | |
| Defendant. | |

Before the court is *pro se* Plaintiff Ike Njoku's complaint (Compl. (Dkt. # 3)) against Defendant Evergreen Sales and Lease ("Evergreen"). The court previously granted Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 2). For the reasons set forth below, the court dismisses Plaintiff's complaint without prejudice. Plaintiff may file an amended complaint within 21 days of the filing date of this order.

Plaintiff alleges that he and Evergreen had a "spoken agreement" concerning the sale of A 2006 Range Rover Sport SUV for $12,000.00. (Comp. at 2.) Plaintiff alleges

ORDER - 1

1    that he gave Evergreen $12,000.00 "as a down payment" for the vehicle.  (*Id.*)  Plaintiff

2    also alleges that Evergreen "refused to return [the] down payment[,] calling it a deposit

3    and saying there are no refunds on deposits."  (*Id.*)  Plaintiff asserts a claim in fraud.  (*Id.*)

4    The court also liberally construes Plaintiff's complaint to assert a claim for breach of

5    contract.  *See United States v. Ten Thousand Dollars ($10,000.00) in U.S. Currency*, 860

6    F.2d 1511, 1513 (9th Cir. 1988) ("We have consistently held in this circuit that courts

7    should liberally construe the pleadings and efforts of pro se litigants . . . .").  Plaintiff

8    seeks the return of his "down payment of $12,000.[00]."  (Compl. at 3.)  Finally, on the

9    Civil Cover Sheet, Plaintiff acknowledges that he is a citizen of Washington and that

10   Evergreen is incorporated in Washington or has its principal place of business in

11   Washington.  (Civil Cover Sheet (Dkt. # 1-2) at 1.)

12        A complaint filed by any person proceeding *in forma pauperis* is subject to a

13   mandatory *sua sponte* review and dismissal to the extent that it (1) "is frivolous or

14   malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks

15   monetary relief against a defendant who is immune from such relief."  28 U.S.C.

16   § 1915(e)(2)(B)(i)-(iii); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (stating that

17   28 U.S.C. § 1915(e)(2)(B) applies to both prisoners and non-prisoners proceeding *in*

18   *forma pauperis*); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e)

19   not only permits but requires a district court to dismiss an in forma pauperis complaint

20   that fails to state a claim.").  As noted above, because Plaintiff is proceeding pro se, the

21   court construes his pleadings liberally.  *See Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925

22

ORDER - 2

1    (9th Cir. 2003).  Nonetheless, the court finds that Plaintiff's complaint fails to state a

2    claim for relief because the court lacks subject matter jurisdiction as discussed below.

3           Federal district courts are "courts of limited jurisdiction," possessing "only that

4    power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs.,*

5    *Inc.*, 545 U.S. 546, 552 (2005).  The party invoking jurisdiction must allege facts that

6    establish the court's subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S.

7    555, 561 (1992).  If a federal court determines that it lacks subject matter jurisdiction at

8    any time during a dispute, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3);

9    *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987).

10          Plaintiff fails to allege facts that establish the court's subject matter jurisdiction.

11   On his Civil Cover Sheet, Plaintiff checks the box averring that the court has jurisdiction

12   because the United States government is the plaintiff.  (*See* Civil Cover Sheet at 1.)

13   Inasmuch as Mr. Njoku is the plaintiff in this action, his allegation that the United States

14   government is the plaintiff is not true.  In the "Jurisdiction" section of his form

15   complaint, Plaintiff simply states "other fraud."  (Compl. at 3.)  Asserting a claim for

16   common law fraud is not a valid basis for asserting this court's subject matter jurisdiction

17   either.

18           In general, federal court subject matter jurisdiction exists when either (1) a claim

19   arises under federal law, or (2) a lawsuit arises between citizens of different states and the

20   amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. §§ 1331-32; *see also* Erwin

21   Chemerinsky, FEDERAL JURISDICTION § 5.1 (5th ed. 2001) (listing other

22   non-exhaustive categories of subject matter jurisdiction).  Plaintiff's complaint fails to

1   establish either federal question or diversity of citizenship jurisdiction.  First, Plaintiff

2   alleges no federal cause of action, and indeed no facts that can be construed to support a

3   federal cause of action.  (*See generally* Compl.)  Second, Plaintiff asserts that the parties

4   are citizens of the same state:  Washington.  *See* 28 U.S.C. 1332; *Morris v. Princess*

5   *Cruises*, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete

6   diversity of citizenship; each of the plaintiffs must be a citizen of a different state than

7   each of the defendants."); (*see* Civil Cover Sheet at 1).  In addition, he seeks only

8   $12,000.00—well under the required jurisdictional amount of $75,000.00.  Therefore, the

9   court must dismiss the complaint for lack of subject matter jurisdiction.[1]

10       However, the court GRANTS Plaintiff leave to amend his complaint in order to

11  correct the deficiencies described above.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248

12  (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect,

13  however, a pro se litigant is entitled to notice of the complaint's deficiencies and an

14  opportunity to amend prior to dismissal of the action."); *Lee v. City of L.A.*, 250 F.3d 688,

15  683 n.7 (9th Cir. 2001).  Plaintiff's amended complaint must correct the deficiencies

16  noted above and properly allege some basis for federal court subject matter jurisdiction.

17  *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain . . . a

18  short and plain statement of the grounds for the court's jurisdiction, unless the court

19  already has jurisdiction and the claim needs no new jurisdictional support.").

20

21  [1] State courts are courts of general jurisdiction.  *See Wash. Pub. Power Supply Sys. v. Pac. Nw. Power Co.*, 217 F. Supp. 481, 491 (D. Or. 1963) ("The Superior Court of the State of Washington is a Court of general jurisdiction.").  A plaintiff who asserts claims that do not form

22  the basis for subject matter jurisdiction in federal court should ordinarily file his or her complaint in a state court.

ORDER - 4

1    The amended complaint must be filed under the same case number as this one, and

2    will operate as a complete substitute for, rather than a mere supplement to, the existing

3    complaint.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  The court

4    DIRECTS Plaintiff to file his amended complaint no later than 21 days following the

5    entry date of this order.  The court WARNS Plaintiff that if he fails to timely comply with

6    this order to file an amended complaint that corrects the deficiencies identified above, the

7    court will enter a dismissal of his complaint without prejudice and without further notice

8    to him.

9    Dated this 6th day of March, 2017.

JAMES L. ROBART
United States District Judge